IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-2725-RBJ

AARON NIMAN,

    Plaintiff,

v.

GPS USA, INC, a Nevada corporation, d/b/a GPS USA Division,
ROZANN ZELKEY, aka Rozanne Zelke, and
PETER J. SWENSON,

    Defendants.

## ORDER

Before the Court are plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [ECF No. 132] and defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial [ECF No. 144].  For the reasons laid out below, the plaintiff's motion is granted in part and denied in part, and the defendants' motion is denied.

### I. Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)

The plaintiff's motion asks the Court to (1) increase the principal amount of the judgment from $400,000 to $800,000 and (2) enter mandatory prejudgment interest pursuant to C.R.S. § 5-12-102(1)(b) at a rate of 8% per annum compounded annually.  The request to increase the principal amount of the judgment to $800,000 is based on the plaintiff's position that the jury instructions and verdict form should not have included instructions on the comparative fault of Mr. Hendricks in causing the plaintiff's injury.  *See* ECF No. 132 at 2–4.  The parties and the

Court discussed this issue extensively during two pretrial conferences and multiple jury instruction conferences, and the Court declines to consider it further at this time. The plaintiff's motion is denied as to this request.

Turning to the issue of prejudgment interest, the plaintiff seeks interest on the full amount of the judgment accruing from September 19, 2011, the date the contract was breached. The parties agree that C.R.S. § 5-12-102(1)(b) governs. Under the statute, "[i]nterest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld . . . to the date judgment is entered." The Colorado Supreme Court has explained that "'[w]rongful withholding' indicates that the aggrieved party lost or was deprived of something to which she was otherwise entitled." *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 825 (Colo. 2008). A plaintiff's money or property is "wrongfully withheld" at the time when "the damages, if then paid, would make the plaintiff whole." *Id.* at 827. This point in time may be some time after the plaintiff's injury occurred. *Id.* Thus, "the prejudgment interest accrual date depends on the measure of damages insofar as different measures of damages may quantify the plaintiff's injury as of different dates." *Id.*

In the present case, Mr. Niman's damages claims were based on (1) reasonable costs he incurred in his earlier litigation with Mr. Hendricks and (2) half the value of the partnership between Mr. Hendricks and Mr. Niman on September 19, 2011. ECF No. 122, Instruction No. 21. Defendants argue that interest on both categories of damages should be measured from a date later than September 19, 2011. As to the first category, the Court agrees with defendants' theory. To the extent the jury awarded Mr. Niman damages to compensate him for attorney's fees incurred in his earlier litigation with Mr. Hendricks, Mr. Niman was not deprived of those

funds until he actually made payments to his attorneys. Thus the prejudgment interest should in theory be measured from the dates on which Mr. Niman made those payments. *See Goodyear Tire & Rubber Co.*, 193 P.3d at 827.

Turning to the second measure of damages, the Court sees no merit in the defendants' argument. Their motion contends that the only evidence that the partnership had any value on September 19, 2011 was expert testimony based on the VAS report, the validity of which was dependent on the company's future financial performance. ECF No. 138 at 7. Thus, on defendants' theory, Mr. Niman's damages for the lost value of half the partnership are based on the business's projected growth; because Mr. Niman could not have received a significant amount of compensation until after 2014, he cannot collect more than two months' interest. *Id.* However, the jury instructions explicitly state that the jury should award damages based on "the value, if any, of the partnership . . . as of September 19, 2011." ECF No. 122, Instruction No. 21. Thus to the extent the damages are based on the value of the partnership, they reflect the jury's estimation of the value of that asset on September 19, 2011. Defendants' argument is little more than a contention that this asset was highly illiquid and its value was speculative, and the Court finds it unpersuasive. For this reason, insofar as Mr. Niman's damages reflect the value of his interest in the partnership, the interest began accruing on September 19, 2011.

Of course, the verdict form reflects only a single sum, not separate categories of damages, and the Court therefore has no basis for apportioning the damages between the two types for purposes of calculating prejudgment interest.[1] In such circumstances, the Colorado

---

[1] Both parties agreed to the verdict form used. Although plaintiff's reply represents that the plaintiff tendered a verdict form with more specific interrogatories, ECF No. 142 at 8, the plaintiff's only

Supreme Court has approved of an approach that calculates interest from the date on which the plaintiff was wronged.[2] *See Ferrellgas, Inc. v. Yeiser*, 247 P.3d 1022, 1029 (Colo. 2011) ("Because we lack any basis to distinguish between the amount of damages awarded for reasonable cost of repair and diminution in value, we affirm in general the trial court's method of calculating interest dating from the time that [the plaintiff's] house was initially damaged."). *See also Hendricks v. Allied Waste Transp., Inc.*, 282 P.3d 520, 528 (Colo. App. 2012) (finding it appropriate to calculate interest from date of wrong where parties agreed to a general verdict form and court could not determine what portion of damages corresponded to each damages theory). In the present case, the defendants agreed to the general verdict form that was presented to the jury,[3] and thus the Court finds it appropriate to calculate prejudgment interest from the date the plaintiff was wronged: September 19, 2011, when the contract with which defendants tortiously interfered was breached. *Cf. Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 365 (Colo. 1989) ("[S]ection 5-12-102(1)(b) . . . permit[s] a nonbreaching party [in a contract case] to recover prejudgment interest . . . from the time of the breach."). The Court accordingly awards the plaintiff prejudgment interest in the amount of $122,024.65.

---

objection to the verdict form drafted by the Court involved the non-party at fault question. At no point did the plaintiff raise the issue of prejudgment interest.

[2] Although usually in a case involving a general verdict the Court would make findings regarding the basis on which damages were due to determine the appropriate amount of prejudgment interest, *see Netquote, Inc. v. Byrd*, No. CIV.A. 07-CV-00630DM, 2009 WL 902437, at *12 (D. Colo. Apr. 1, 2009), here the Court finds that there is no possible basis for distinguishing between the two theories of damages. Attempting to determine how much, if any, of the damages award is based on the jury's assessment of what portion of Mr. Niman's attorney's fees in the earlier litigation was reasonable would be an exercise of pure speculation.

[3] According to my notes, during discussion of the proposed verdict form with the general damages inquiry, defense counsel stated "I have no objection to this form."

## II. **Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial**

Defendants' motion consists largely of arguments that the Court has already considered and rejected, and the Court declines to revisit any of its earlier rulings at this time. However, the motion appears to raise two new points: (1) Mr. Swenson's speech was protected by the First Amendment and (2) there was no evidence of the amount of fees incurred on the breach of contract claim in Mr. Niman's earlier litigation with Mr. Hendricks. Neither point is persuasive.

Beginning with the first point, in addition to the fact that this is the first mention of any First Amendment defense in this case, the argument is clearly misplaced here. Although defendants are correct that a plaintiff cannot succeed on a tortious interference claim predicated on speech protected by the First Amendment, *see Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848 (10th Cir. 1999), they make no real argument for why any of Mr. Swenson's speech was protected here. *See* ECF No. 144 at 17. As a general matter, "the First Amendment is no bar to liability under the general common law prohibition of tortious interference with [prospective business], which . . . is directed against conduct, not speech." *SMJ Grp., Inc. v. 417 Lafayette Rest. LLC*, No. 06 CIV. 1774 (GEL), 2006 WL 2516519, at *7 (S.D.N.Y. Aug. 30, 2006) (quoting *Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc.*, 968 F.2d 286, 296 (2d Cir.1992)). The Court sees no basis for considering any of Mr. Swenson's statements at issue here to be protected speech or expressive conduct and thus finds the defendants' First Amendment argument unpersuasive.[4]

---

[4] Indeed, neither case the defendants cite provides any basis for the Court to find Mr. Swenson's speech protected here. In *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, the court analyzed the defendant's publication as a statement from a media defendant on a matter of public concern under *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990). 175 F.3d 848, 852 (10th Cir. 1999). Such an

As for the argument that there was no evidence of the amount of fees incurred specifically on the breach of contract claim in the earlier litigation, the Court finds that no such evidence was necessary because Mr. Niman was entitled to recover all of his attorney's fees.[5] "Colorado—like many states—has long-recognized that litigation expenses and attorneys' fees incurred by a party in one case may, in certain circumstances, be an appropriate measure of damages against a third party in a subsequent action." *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1071 (Colo. 2010), *as modified* (Dec. 13, 2010). In *Rocky Mountain Festivals*, the Colorado Supreme Court outlined a methodology for determining when a plaintiff can claim fees based only on a particular claim in an earlier litigation, as opposed to all of his fees from the earlier case. *Id.* at 1073. Adopting the test from a U.S. Supreme Court case addressing a fee-shifting statute, the court explained that:

> The [Supreme] Court determined that, where a plaintiff had brought multiple claims involving a common core of facts or based on related legal theories, counsel's efforts on an individual claim could not be distinguished from work on the whole of the litigation . . . On the other hand, where the plaintiff presented distinctly different claims for relief that [were] based on different facts and legal theories . . . a fee award that contemplated only those claims on which the plaintiff had succeeded was both practicable and necessary to affect the purpose of the fee-shifting statute.

*Id.* (internal citations and quotations omitted).

Applying this test in the context of the wrong-of-another doctrine, the court reasoned that

---

analysis is inapplicable to the present facts. Additionally, *Henderson v. Times Mirror Co.* involved a football coach who called an agent a "sleaze-bag" who "slimed up from the bayou," and thus it provides no basis for finding any First Amendment protection in the present case. 669 F. Supp. 356, 357 (D. Colo. 1987) *aff'd*, 876 F.2d 108 (10th Cir. 1989).

[5] The Court notes that the present motion is also the first time defendants have raised this argument. Indeed, defense counsel did not object to Jury Instruction No. 21, which stated that the jury could award damages for "[a]ny reasonable costs incurred by Mr. Niman in his litigation with Mr. Hendricks." ECF No. 122, Instruction No. 21.

6

"where the claims for which a plaintiff seeks wrong-of-another damages cannot be conceptually distinguished from the remainder of the underlying dispute, no award tailored to a subset of claims shall issue." *Id.* at 1073–74.  However, if the subset of claims for which a plaintiff seeks litigation costs was "founded in a distinct core of facts and premised on distinct legal theories," the plaintiff may recover costs associated only with the claim or claims at issue. *Id.* at 1073–74. The determination of whether the claims in the earlier litigation are interrelated or segregable is "inherently sensitive to the facts of both the case at bar and those of the underlying dispute . . . [and must] be made on the basis of all the circumstances of the litigation." *Id.* at 1074.

Thus the issue of whether Mr. Niman was entitled to recover all of his attorney's fees from the earlier litigation or just the portion corresponding to his breach of contract claim turns on whether the claim was grounded in a distinct core of facts and premised on a distinct legal theory.[6]  As the jury instructions from the earlier litigation make clear, all three claims—breach of contract, fraudulent inducement, and breach of fiduciary duty—involved a common core of facts surrounding the alleged partnership between Mr. Niman and Mr. Hendricks. *See* ECF No. 41, Ex. 2, Jury Instructions, Instruction No. 2.  Although each claim was premised on a distinct legal theory, the claims were all closely related, both as a matter of law and of fact. *See id.* Indeed, according to my notes, Mr. Niman's counsel from the earlier litigation, Mr. Jones, testified that the breach of contract and fraudulent inducement claims were alternative claims based on the same statements that Mr. Hendricks made to Mr. Niman.  According to Mr. Jones,

---

[6] The relevant case law makes clear that the Court decides this issue. *See Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992) ("In reviewing determinations that claims are or are not interrelated for purposes of an award of attorneys' fees, we have exhibited great deference to the trial court's discretion.  This deference is motivated by our conviction that the decision as to how to separate the wheat from the chaff in a fees contest, within broad limits, is a matter for the district court's discretion.") (cited by the Colorado Supreme Court in *Rocky Mountain Festivals, Inc.*, 242 P.3d at 1074).

7

if Mr. Hendricks made statements about forming a partnership but did not intend to follow through, he was liable for fraudulent inducement; if he did intend to follow through, he was liable for breach of contract.  Furthermore, the breach of fiduciary duty claim was premised on the existence of a partnership between Mr. Niman and Mr. Hendricks, which was also an element of the breach of contract claim.  Thus the legal and factual bases for the three claims were all intertwined, and the Court finds that, considering all the circumstances of the earlier litigation and the present one, Mr. Niman was entitled to recover his attorney's fees in their entirety.

In sum, the Court has already rejected the majority of the arguments in defendants' motion, and the two new points raised are unpersuasive.  Defendants' motion is therefore denied.

### III. Order

Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [ECF No. 132] is GRANTED IN PART and DENIED IN PART.  The plaintiff is awarded prejudgment interest in the amount of $122,024.65.  Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial [ECF No. 144] is DENIED.

DATED this 27th day of April, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge