IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-2725-RBJ

AARON NIMAN,

    Plaintiff,

v.

GPS USA, INC, a Nevada corporation, d/b/a GPS USA Division,
ROZANN ZELKEY, aka Rozanne Zelke, and
PETER J. SWENSON,

    Defendants.

## ORDER

Two additional post-trial motions are pending, one by plaintiff for an order finding good cause to register his judgment in the Northern District of Illinois and the Eastern District of North Carolina [ECF No. 150], the other by defendants GPS USA, Inc. and Peter J. Swenson seeking a stay of execution [ECF No. 152].

## BACKGROUND

Aaron Niman sued GPS and two of its employees, Peter Swenson and Rozanne Zelke, claiming that they tortiously interfered with his contractual relationship with one Derek Hendricks. On March 4, 2015 the jury returned a verdict in favor of Mr. Niman and against GPS and Mr. Swenson (it found in favor of Ms. Zelke). The jury determined that Mr. Niman's damages were $800,000, but that the damages were caused by the equal fault of the defendants and a non-party, Mr. Hendricks. Accordingly, the Court entered a Final Judgment in favor of

1

Mr. Niman and against GPS and Mr. Swenson, jointly and severally, in the amount of $400,000 plus costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. ECF No. 129. Following the filing of a bill of costs, costs were taxed in the amount of $14,820.01. ECF No. 146.

Both parties filed post-trial motions. Plaintiff asked the Court to amend the judgment by increasing the principal amount of the judgment to $800,000. Defendants moved for judgment in their favor as a matter of law. Both motions were denied. However, after considering the parties' respective submissions, the Court determined that plaintiff was entitled to pre-judgment interest in the amount of $122,024.65. ECF No. 148. Accordingly, the Court issued an Amended Final Judgment including the pre-judgment interest. ECF No. 149.

## PENDING MOTIONS

### A. Defendants' Motion for Stay of Execution [ECF No. 52].

Rule 62(a) of the Federal Rules of Civil Procedure provides for automatic stay until 14 days after the entry of judgment. The Final Judgment was entered on March 9, 2015. On March 24, 2015 defendants moved for a continuation of the stay pending disposition of the parties' post-trial motions. ECF No. 140. That motion was granted by minute order on March 25, 2015. The Court ruled on the post-trial motions on April 27, 2015 and entered is Amended Final Judgment on the same date. Defendants filed their notice of appeal on May 20, 2015 and filed the pending motion for stay of execution on the same date.

Rule 62(d) provides that "[if an appeal is taken, the appellant may obtain a stay by supersedeas bond." The rule further provides that "[t]he stay takes effect when the court approves the bond." *Id.* The rule does not discuss the amount of the bond. Plaintiff suggests

that the bond be set at either (1) $539,532.24, being the sum of $400,000, $14,820.01 in awarded costs, $122,024.65 in pre-judgment interest, and $2,687.58, described by plaintiff as the amount that the "apparent low interest rate" for post-judgment interest under 28 U.S.C. § 1961(b) should generate for an anticipated period of two years; or (2) $1,059,180.12, being the amount plaintiff calculates on his assumption that his cross-appeal will be successful. ECF No. 155 at 3-4. Defendants suggest $536,844.66, the same numbers without post-judgment interest. ECF No. 161 at ¶3.

Although the district court has discretion in setting the amount of the supersedeas bond, "[t]he bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment." *Strong v. Laubach,* 443 F.3d 1297, 1299 (10th Cir. 2006). I decline to speculate about post-judgment interest, nor will I set a bond on the assumption that plaintiff will prevail on appeal in his effort to increase the amount of his judgment. The Court sets the bond at $536,844.66. The stay will be effective upon the Court's approval of the bond.

**B. Plaintiff's Motion for a Finding of Good Cause to Register the Amended Final Judgment [ECF No. 150].**

Registration of judgments for enforcement in other judicial districts is governed by 28 U.S.C. § 1963. In pertinent part it provides,

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

The judgment in the present case has not become final by appeal. Rather, an appeal, pursued by both sides, is in its early stages. Plaintiff asks the Court to issue an order finding that,

notwithstanding the pendency of the appeal, there is good cause to register his judgment in two districts, the Northern District of Illinois (location of defendant GPS's principal office and the principal office of defendant Swenson's liability insurer) and the Eastern District of North Carolina (location of defendant Swenson's home and real estate).  Defendants have not responded.

In *In re Steel Reclamation Resources, Inc. v. Carlisle,* 64 F.3d 670, at *3 (10th Cir. 1995) (unpublished) the court held that the bankruptcy court did not abuse its discretion when it permitted the trustee to register a default judgment in Alabama.  The facts that the judgment debtor had no property in the district and had not posted a supersedeas bond were sufficient to establish good cause.  *Id.*  That case does not constitute binding precedent, but it can be cited for its persuasive value.  10th Cir. R. 32.1.

If the supersedeas bond set by this Court ($536,844.66) as a condition of a stay of execution pending appeal is obtained and approved, then the bond should provide adequate security in the event that the judgment is upheld on appeal but is not collectible against the defendants.  Accordingly, I do not find that good cause has been shown for registering the judgment in Illinois and North Carolina at this time.  If a supersedeas bond is not obtained and approved, then the stay will not go into effect, and I would then entertain and probably grant a motion to register the judgment as requested.

## ORDER

1. Plaintiff's Motion for a Finding of Good Cause to Register [ECF No. 150] is DENIED.

2. Defendants' Motion for a Stay of Execution [ECF No. 152] is GRANTED provided

4

5

that defendants obtain, and the Court approves, a supersedeas bond in the amount of $536,844.66

DATED this 5th day of June, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge